## W. B. GRAY, Appellant, v. BREMER & STROTHER et al Appellees.

**Landlord and Tenant. INJUNCTION.** A petition alleging waste and other disposition of crops subject to a landlord's lien for rent, insolvency of the tenant and inadequacy of security, will support an injunction restraining the tenant from selling or feeding the same, where the rent is not due for which an attachment will issue.

**Injunction: ACTION ON BOND.** In a suit in injunction, where the defendant admits the allegations of the petition and pleads a counterclaim, which is the only issue involved, and upon trial judgment is entered for plaintiff, which is stayed by defendant, whereupon the injunction is dissolved,.the order dissolving the injunction is not an adjudication that it was wrongfully issued which will support an action for damages on the bond.

**Injunction: PLEADINGS. DEMURRER:** In a suit on an injunction bond where the plaintiff makes the pleadings, entries, and proceedings in the injunction suit a part of his petition, which show that the writ was rightfully issued, a demurrer to the petition in a suit for damages on the bond, should be sustained.

*Appeal from Adams District Court.*—HON. H. M. TOWNER, Judge.

WEDNESDAY, JANUARY 13, 1904.

IN an action in equity, brought by the defendants against the plaintiff, W. B. Gray, the petition alleged that the , defendant was the tenant of the plaintiffs under a lease providing for a cash rental of $750 per year; that no part of the rent was then due, but that a portion thereof would become due on the 1st day of January following, and the balance thereof on the next 1st day of March; that Gray was insolvent, and that he had sold a large portion of the crops grown upon the leased premises, and was feeding from the remainder a large number of cattle and horses which were mortgaged to others than the plaintiffs for their full value, and which. mortgages purport to have been given for the purchase price of said stock and to be prior to the plaintiffs' lien as landlords.   The petition also stated that the crops were liable to waste, and that there would not be sufficient property left to satisfy the rent to become due.   An enforcement of the landlord's lien was asked, and a temporary injunction restraining the defendant from selling or feeding any of the crops subject to their lien.   An injunction bond was given and a writ was issued, which was served on the 21st day of November 1900.   Gray answered in that action, admitting his occupancy of the premises, but denying that there was anything due or to become due for the use thereof, and alleging as a reason therefor that the plaintiffs had failed to provide water for his stock as they had agreed to do.   At the time of the trial of the case in January, 1901, it was stipulated that the agreed rent was $750, and that it should be treated as all due at that time, and that the sole issue to be tried was Gray's claim for damages for a failure to supply him with water.   The case was then tried on that issue alone.   Gray was awarded a portion of the amount claimed by him, and a judgment was rendered against him for the balance due the plaintiffs.   This judgment he stayed, and immediately there-

after asked a dissolution of the temporary injunction on account thereof, and it was dissolved. The present action was thereafter brought on the injunction bond, the petition stating in substance that the allegations of the petition in the former suit were false and malicious; that the injunction was wrongfully sued out, and that the plaintiff had been damaged thereby. A demurrer to the petition was sustained, and, the plaintiff electing to stand on his petition, a judgment was rendered against him, from which he appeals.—*Affirmed.*

*Davis & Wells* for appellant.

*W. O. Mitchell* for appellees.

SHERWIN, J.—The petition filed in the injunction action undoubtedly stated sufficient facts to warrant the issuance of the writ, for at that time no rent was due, and hence no attachment could issue for the enforcement of the landlord's lien. *Garner v. Cutting*, 32 Iowa, 547.

And, if the facts stated were true, the writ was not wrongfully issued, and there can be no recovery on the bond. It is contended by the appellant that the order dissolving the writ was an adjudication that the writ was wrongfully issued, which is controlling in the present action. It is true that it is the general rule that, when an injunction is dissolved upon a hearing on the merits, an action on the bond will lie; but such is not the present case. Here the defendant Gray nowhere denied the allegation of the petition, except as to the rent due or to become due, and this he afterwards withdrew by his stipulation. Having failed to controvert the other material allegations of the petition, they are to be treated as admitted by him. Every claim, then, made by the plaintiffs in their petition was either admitted by Gray in his pleadings or in the stipulation, so that no issue was left to try except his claim for damages for the failure to provide

water.    When his stay bond was accepted and filed, it answered every purpose of the injunction by furnishing full protection to the judgment plaintiffs, and, the injunction being thus superseded, it was proper for the court to dissolve it upon Gray's showing that he had stayed the judgment against him, and such order was not an adjudication that the writ was improvidently issued.    *Scott v. Frank*, 121 Iowa, 218.    Indeed, the record in the injunction case concludes the appellant in this.    He made all pleadings, record entries, and proceedings therein a part of his petition, and they so conclusively showed that the writ was rightfully issued that there was nothing else to do but to sustain the demurrer.    The court had the right to rely upon the appellant's admissions and stipulation in the former case as set forth in his present petition, rather than upon his allegation contradicting them, and we think the judgment should be and it is AFFIRMED.