[Civ. No. 713. Second Appellate District.—January 11, 1910.]

NELLIE SHANNON and LETTIE JANES, Appellants, v. WILLIAM E. CAVANAUGH and PEARL CAVANAUGH, Respondents,

SPECIFIC PERFORMANCE—COVENANT IN LEASE FOR LODGINGS—CHATTEL MORTGAGE TO SECURE RENT—SUFFICIENCY OF COMPLAINT.—A complaint in an action for specific performance of a covenant in a lease from the plaintiffs to defendants of rooms for lodgings, for the term of two years, agreeing to execute a chattel mortgage to the plaintiffs to secure the rent upon all furniture brought into the rooms, which alleges that they refused to execute the same upon demand, as covenanted, that they have no other property in the state out of which plaintiffs could collect any judgment for rent, and that defendants threaten to otherwise dispose of the furniture, or remove the same from the premises, so as to prevent plaintiffs from obtaining any security therefrom or thereby, and also alleges irreparable injury and want of an adequate remedy at law, states a cause of action, and a demurrer thereto was improperly sustained.

ID.—MUTUALITY OF REMEDY—LEASE AND POSSESSION—PERFORMANCE BY LESSOR—CONSIDERATION OF COVENANT.—There is no want of mutuality of remedy defeating specific performance of the lessees' covenant, within the meaning of section 3386 of the Civil Code, where the lessors had performed all agreements on their part by executing the lease for two years and placing the lessees in possession of the premises, in consideration of the covenant by the lessees.

ID.—IMPLIED COVENANT FOR QUIET ENJOYMENT — EVICTION UNDER PARAMOUNT TITLE—LEASE BY OWNERS.—An implied covenant for quiet enjoyment merely imports that there must be for breach thereof an eviction by title paramount, and has no application where a lease is by the owners of the fee.

ID.—PERFORMANCE OF EVERYTHING CONDITIONAL TO CHATTEL MORTGAGE.—The owners on their part had fully performed everything which the lessees were entitled to have performed as a condition of executing the chattel mortgage.

ID.—JURISDICTION IN EQUITY TO DECREE SPECIFIC PERFORMANCE—ADEQUATE REMEDY—COMPENSATION IN DAMAGES.—The jurisdiction of a court of equity to enforce specific performance does not turn at all upon the question whether the contract relates to real or personal property, but altogether upon the question whether the breach complained of can be adequately compensated in damages. If it can, the plaintiff's remedy is at law; if not, he may go into equity, which will grant full redress by compelling specific performance on the part of the defendant.

ID.—AMENDMENT OF CODE—EFFECT UPON ADEQUATE REMEDY.—Under the amendment of 1874 to section 3384 of the Civil Code, it seems that the rule of specific performance is not expressly made subject to the exception when there is an adequate remedy at law.

ID.—COMPENSATION IN DAMAGES FOR BREACH OF COVENANT NOT ADEQUATE.—Conceding that such amendment made no change in the law, it is held that the breach of the obligation to give the chattel mortgage cannot be adequately compensated in damages, for the reason that from the nature of the obligation it would be impracticable to ascertain the extent to which plaintiff would be damaged by the breach.

ID.—REMEDY BY DETERMINATION OF THE LEASE FOR BREACH NOT ADEQUATE.—The remedy by determination of the lease for breach of the covenant to execute the chattel mortgage for the rent would constitute no adequate remedy, or scarcely any remedy at all. Such an act would deprive the lessors of the rental and income to which they were entitled under the terms of the lease, which was of far more consequence to the lessors than the possession of the estate. It is no answer that they might make a new lease to other parties.

ID.—ERROR IN DISSOLVING RESTRAINING ORDER AND IN REFUSING TEMPORARY INJUNCTION.—The court erred in dissolving a restraining order issued upon the verified complaint, and refusing a temporary injunction thereon as against a mere demurrer to the complaint which was not sustainable.

APPEAL from a judgment of the Superior Court of Los Angeles County. Frederick W. Houser, Judge.

The facts are stated in the opinion of the court.

J. L. Murphey, for Appellants.

Goldberg & Meily, for Respondents.

SHAW, J.—Action to enforce the specific performance of a covenant to give a chattel mortgage to secure the rent reserved in a lease of real estate.

A general demurrer interposed to the complaint by defendants was sustained. Plaintiffs failed to amend their complaint within the time allowed therefor; whereupon, judgment was rendered against them, from which they prosecute this appeal.

It appears from the complaint that plaintiffs were the owners of a building, the first floor of which consisted of storerooms and the upper floors of which were divided into rooms and fitted up for rooming-house purposes. On March 6, 1908, plaintiffs leased the upper floors of the building to defendants for a period of two years. The express consideration of the lease was the rent reserved therein, which was payable monthly, and numerous covenants and agreements, neglect and failure to perform which on the part of lessees gave the lessors the right to terminate the lease and re-enter and repossess the premises. Among other covenants contained in the lease on the part of the lessees was the following: "And said lessees further covenant and agree that they will pay the said rent in installments when the same become due, and to secure the payment of same to lessors, they hereby agree that the lessors shall have a lien for the security of the payment of said rent upon all furniture brought into the house by the said lessees, and that, after the said lessees install their furniture therein, that,

upon demand of lessors, lessees will execute to the lessors a chattel mortgage, or such other instrument as they may deem necessary, upon the said furniture to secure the rent aforesaid.'' It is alleged that defendants entered into possession of the premises and ''purchased a certain lot of furniture and furnishings, and placed the same in said building for the purpose of conducting a rooming-house therein, and that the said furniture and furnishings consisted of carpets, beds, bedding, curtains, chairs, and general hall, parlor, bedroom and kitchen furniture, the exact amount and the exact kinds thereof being unknown to plaintiffs.'' That thereafter plaintiffs made demand upon defendants that they execute a chattel mortgage upon said furniture to secure the payment of the rent in accordance with their covenant so to do, but that defendants refused to execute such mortgage, and declared that if they could not make the house pay, they would take the furniture away and leave the house. It is further alleged that defendants have no other property in this state out of which plaintiffs could collect any judgment that they might obtain for the failure to pay the said rent when the same becomes due, and that defendants threaten to mortgage or otherwise dispose of the said furniture, or remove the same from the said premises, so as to prevent these plaintiffs from obtaining any security therefrom or thereby. The complaint further alleges irreparable injury and want of an adequate remedy at law.

We think the trial court erred in sustaining the demurrer. Respondents undertake to justify the ruling upon the ground that the complaint shows a want of mutuality in remedy. This contention is based upon the provisions of section 3386, Civil Code, which provides that: ''Neither party to an obligation can be compelled specifically to perform it, unless the other party thereto has performed, or is compellable specifically to perform, everything to which the former is entitled under the same obligation,'' etc. As regards the express covenants of the lease, plaintiffs have fully performed everything to which defendants were entitled to have performed under the terms thereof. By the express covenants, no obligation was imposed upon plaintiffs other than that of placing the defendants in possession of the leased premises. This duty had been performed, and at the time

of the demand that defendants perform their covenant to execute the chattel mortgage defendants were in the quiet and peaceable possession of the leased premises. Respondents insist, however, that the law implies a covenant on the part of the lessors for the quiet enjoyment of the leasehold during the whole term thereof against all persons lawfully claiming the same (Civ. Code, sec. 1927); that this implied covenant is a continuing one in the nature of a covenant to perform personal services, and hence not one which could be specifically enforced. There is no merit in this contention. The purport of the implied covenant is that the lessees shall not be evicted by title paramount to that of the lessors, who allege that, at the time of executing the lease and the placing of lessees in possession of the property, plaintiffs were the owners thereof. Inasmuch, therefore, as the lessors were the owners of the property, the use and enjoyment of which they had conveyed to defendants for a term of two years, the latter's possession and enjoyment could not be disturbed by any holder of the title lawfully claiming the same other than plaintiffs themselves. Plaintiffs could not lawfully disturb them, other than by the exercise of the rights reserved under the terms and provisions of the lease under which defendants held possession. For plaintiffs to otherwise interfere with defendants' possession and enjoyment would constitute an unlawful act, the remedy for which, if such wrong was threatened, would in its nature be preventive rather than by decree for specific performance. It appears that defendants are in the quiet and peaceable possession of the premises described in the lease; that there is no title thereto paramount to that held by the lessors; and that the complaint shows that plaintiffs have performed everything which the defendants were entitled to have performed as a condition of executing the chattel mortgage.

Respondents also insist that plaintiffs are precluded from the benefit of the relief by reason of the fact that the complaint shows they have an adequate remedy at law. · In *Senter* v. *Davis,* 38 Cal. 450, it is said: ''The jurisdiction of a court of equity to decree specific performance does not turn at all upon the question whether the contract relates to real or personal property, but altogether upon the question

whether the breach complained of can be adequately compensated in damages. If it can, the plaintiff's remedy is at law only; if not, he may go into a court of equity, which will grant full redress by compelling specific performance on the part of the defendant.'' When announced, this statement was in full accord with the general equitable principle declared in section 3384, Civil Code, which, as it stood prior to the amendment of 1874, expressly denied the right to specific performance of an obligation when the act to be done was such that pecuniary compensation for its nonperformance would afford adequate relief. In 1874 this section was amended by striking out, among other clauses, the subdivision which denied the remedy in those cases wherein the law afforded adequate relief. The section as it now stands reads as follows: ''Except as otherwise provided in this article, the specific performance of an obligation may be compelled.'' As thus amended, it would seem that every obligation may be specifically enforced, unless it be an obligation as to which the remedy is denied by other provisions of the article. There appears to be no provision in the article entitled ''Specific Performance of Obligations'' which limits the remedy to those cases wherein an adequate remedy at law is wanting.

Conceding, however, that the amendment effected no change in the law, we are clearly of the opinion that the breach of the obligation to give the mortgage cannot be adequately compensated in damages, for the reason that from the nature of the obligation it is impracticable to ascertain the extent to which plaintiffs would be damaged by the breach. Security for the payment of the rent during the entire term of the lease must be deemed a thing of value to the parties so indemnified. Inasmuch, however, as the value of such security necessarily depends upon contingencies which render it impracticable to fix the value thereof, and as the law furnishes no standard for the measurement of damages for the breach of an obligation the value of which is unascertainable, it is clear that the parties have no adequate remedy in damages. (Pomeroy's Specific Performance of Contracts, sec. 8.)

The lease provided that in case the lessees made default in any of the covenants therein, the lessors might terminate the lease and re-enter and possess the leased premises. Says counsel for respondents: ''Plaintiffs, on defendants' refusal

to give the mortgage in question, might have immediately re-entered the premises, and might have had the aid of a court of law in effecting such re-entry.'' This, it is contended, constituted an adequate legal remedy for default in the covenant to give the mortgage. The exercise of such right on the part of the lessors would, in our judgment, fall far short of an adequate remedy; indeed, we fail to perceive how such termination of the lease would constitute any remedy at all. Such act would deprive the lessors of the rental and income to which they were entitled under the terms of the lease, the receipt of which might be, and presumably was, of far more consequence to them than possession of the estate. It is no answer to say that they might make a new lease to other parties. The case of *Woodruff* v. *Water Power Co.*, 10 N. J. Eq. 489, cited by respondents, bears no analogy to the facts in the case at bar. In that case there was no covenant on the part of the defendant to do the act, but the deed contained a condition, the failure to perform which gave the grantor the right to forfeit the estate. It was there held that, in the absence of any covenant on the part of defendant, there was no obligation upon which to base an action for specific performance, and plaintiff must be content with the right of forfeiture, which was the exclusive remedy provided in the contract.

Upon the filing of the complaint the court, upon plaintiffs' application, made an order directing defendants, at a time and place therein specified, to show cause why a temporary injunction should not be issued, restraining them from disposing of, encumbering, selling, or removing the furniture which they had agreed to mortgage to plaintiffs, and that upon the hearing of such application an order be made restraining defendants from so doing. At the hearing of said application, had upon the complaint and the general demurrer of defendants interposed thereto, the court dissolved the restraining order and denied the plaintiffs' application for a temporary injunction. Plaintiffs appeal from these orders. As against the general demurrer, we must accept the allegations of the complaint as true. Thus accepted, it appears that defendants have no property in this state, other than the furniture in question; that they are legally obligated to mortgage the same to plaintiffs as security for the

payment of the rent reserved in the lease; that defendants threaten to mortgage or otherwise dispose of the same, thereby, as well as by other alleged acts, causing irreparable injury to plaintiffs. It is apparent from the record that the making of the orders was due to an erroneous conception of the law upon which the court held the complaint wanting in facts sufficient to state a cause of action.

The judgment and orders are reversed.

Allen, P. J., and Taggart, J., concurred.