[Sac. No. 2259. In Bank.—March 6, 1915.]

# ALEXANDER W. MORRISON, Appellant, v. FRANK LAND Executor of the Last Will of WILLIAM LAND, Deceased, et al, Respondents.

CONTRACT TO MAKE WILL—REMEDY FOR BREACH—ACTION AT LAW FOR DAMAGES.—One may make a valid contract with another to devise or bequeath property by his last will in a certain specified way, and in the event of a breach of such a contract, the party damaged has an action at law for the damage caused by such breach of the promisor, and in some cases this, by reason of the circumstances, may be his only remedy, for a resort to any equitable remedy can be had only where the circumstances are such as to make the case one within the well settled principles relative to the proper exercise of equitable jurisdiction.

ID.—PRESENTATION OF CLAIM AGAINST TESTATOR'S ESTATE—FAILURE TO PRESENT CLAIM BARS ACTION FOR BREACH.—Where the party damaged is restricted to his remedy at law for the breach, he must necessarily proceed upon the theory that he is a "creditor" of the deceased, having a "claim against the estate" "arising upon contract," within the meaning of those words as used in the probate law, and he is subject to the statutory provisions requiring presentation of claims to the executor or administrator and judge. In the absence of such presentation, such a claim, by express provision of the statute, is forever barred. While, owing to the nature of such a contract, a final breach cannot be regarded as occurring until the death of the deceased, the breach is committed by the deceased, and the liability on account thereof is his.

ID.—PLEADING—PRESENTATION OF CLAIM MUST BE ALLEGED.—In an action based upon such contract, a complaint which fails to contain an allegation of the presentation of a claim by the promisee to the personal representatives of the deceased, is fatally defective, unless the facts stated entitle the plaintiff to equitable relief.

ID.—RELIEF IN EQUITY—CHARGING BENEFICIARIES UNDER WILL WITH TRUST.—Equity will, under special circumstances, enforce a contract to make a will, or to make a certain testamentary disposition, not by ordering a will to be made, but by regarding the property in the hands of the heirs, devisees, assignees, or representatives of the deceased promisor, as impressed with a trust in favor of the plaintiff, and by compelling the defendant, who must belong to some one of these classes of persons, to make such a disposition of the property as will carry out the intent of the agreement.

ID.—EQUITABLE RELIEF REFUSED WHEN LEGAL REMEDY IS FULL AND ADEQUATE.—Where the primary right of a party is *legal* in its

nature, as distinguished from *equitable,* and one for which the law affords some remedy, such as damages by way of compensation for breach of contract, a proper exercise of the equitable jurisdiction will not give equitable relief in any case where the legal remedy is full and adequate and does complete justice. No principle of equity jurisprudence is more firmly established than this.

ID.—SPECIFIC PERFORMANCE OF CONTRACT—INSUFFICIENCY OF COMPENSATORY DAMAGES.—As an illustration of such rule, the exclusive jurisdiction of equity to grant relief by way of specific performance of a contract will be exercised only in those cases where the legal remedy of compensatory damages is insufficient under the circumstances of the case, in the opinion of the court, to do complete justice between the parties. The fact that in applying this doctrine, courts of equity have established the further rule that in general the legal remedy of damages is inadequate in all agreements for the sale or letting of land, does not interfere with this rule.

ID.—EQUITABLE RELIEF FOR BREACH OF CONTRACT TO MAKE WILL—INADEQUACY OF LEGAL REMEDY.—In cases involving the breach of contracts to make a will or certain testamentary dispositions, the very basis of the granting of equitable relief is the conclusion in view of the circumstances of the particular case that full and adequate compensation cannot be had at law.

ID.—CONSTRUCTION OF CODE PROVISIONS AFFECTING RIGHT TO SPECIFIC PERFORMANCE.—The foregoing rules applicable to the specific performance of contracts have not been changed in this state by the amendment of 1874 to section 3384 of the Civil Code, striking out from that section, as originally enacted in 1872, the enumeration of the instances in which such relief would be granted, including the one which read "When the act to be done is such that pecuniary compensation for its nonperformance would not afford adequate relief." That section as amended simply means that specific performance of an obligation may be compelled in any case where the circumstances are such as to authorize such relief under the well settled doctrines of equity jurisprudence, except as otherwise provided in the article.

ID.—SPECIFIC PERFORMANCE WHEN CONTRACT PROVIDES FOR PENALTY OR LIQUIDATED DAMAGES.—The foregoing doctrines are not in conflict with the prior decisions in this state, or the rule prescribed by section 3389 of the Civil Code, that a contract *otherwise proper to be specifically enforced* will be so enforced, notwithstanding it contains a provision declaring the amount which shall be presumed to be the amount of damage sustained by reason of a breach, or one for a penalty in the event of nonperformance. Where this is the situation, if the circumstances are such as to make the case a proper one for specific performance, the party may waive his stipulated damages and maintain his action in equity. But the rule does not render a

contract one as to which specific performance will be decreed *simply because it contains a provision for liquidated damages.*

Id.—Continuance in Employment as Consideration for Contract to Make Will—Legal Remedy Adequate.—An ordinary action at law for compensatory damages affords full and adequate relief for the breach of a contract entered into between the proprietor of a hotel and one who had been his faithful and efficient assistant manager in the hotel business for a number of years, at a fixed compensation, by the terms of which the former agreed that, in the event the latter did not accept other more remunerative employment and remained in his service at the same compensation as long as he continued in the hotel business, he would bequeath the latter fifty thousand dollars.

Id.—Monetary Relief as Alternative for Specific Performance.— The rule that monetary relief will be given as an alternative relief for the specific performance to which a plaintiff is really entitled, where, through no fault of his, specific performance cannot be decreed, has no application where the plaintiff has no right to specific performance. It is only where the beneficiary of a promise to make a will has a right to specific performance that the property of the deceased in the hands of the heirs, devisees, and legatees is regarded as impressed with a trust in his favor.

Appeal—Failure to Permit Amendment to Complaint—Abuse of Discretion.—The question of the abuse of discretion of the lower court in refusing to allow a complaint to be amended, after demurrer sustained, cannot be urged for the first time on appeal, when nothing appears in the record to show or even intimate, that plaintiff ever asked leave to amend or that he desired to amend.

APPEAL from a judgment of the Superior Court of Sutter County. K. S. Mahon, Judge.

The facts are stated in the opinion of the court.

W. A. Gett, for Appellant.

William V. Cowan, Clyde H. Brand, R. T. McKisick, and White, Miller, Needham & Harber, for Respondents.

ANGELLOTTI, C. J.—This is an action against the executors and executrix of the will of William Land, deceased, and the devisees and legatees under such will, to specifically enforce an alleged contract between plaintiff and the deceased, by which deceased obligated himself to bequeath to plaintiff by his will the sum of fifty thousand dollars. Demurrers to the complaint on the ground, among others, that

the same does not state facts sufficient to constitute a cause
of action, were sustained, without leave to amend. . We have
here an appeal by plaintiff from such judgment.

The case stated by the complaint, so far as material, is sub-
stantially as follows: From the year 1870 to a time not
definitely alleged, but according to a recital extending over
a period of forty years, deceased was engaged in conducting
a large hotel and hotel business in the city of Sacramento,
known as the Western Hotel, and during all of said time
plaintiff was in the employ of deceased "as the chief clerk,
accountant, bookkeeper and business confidant" of deceased
"in the management and operation of said hotel, hotel business
and all and other sundry business connected with the above
mentioned business," and during the absence of deceased, as
his representative and in the capacity of assistant manager of
said business. During all of said time the services of plain-
tiff were in all respects satisfactory to deceased. During all
said time plaintiff and deceased resided at said Western
Hotel, associated together and "sustained each toward the
other relations of mutual respect, confidence and trust."
The business was prosperous, yielding to deceased a profit
approximately of thirty thousand dollars each year. While
plaintiff was so in the employ of deceased he received offers
of similar employment in and about hotels in Sacramento and
San Francisco at a higher compensation "from time to time"
from "divers and sundry persons." Nothing more definite
is stated as to these offers. Plaintiff communicated the fact
of these offers, as made, to deceased. For the purpose of
inducing plaintiff to continue in his employ, deceased agreed
with plaintiff that "if he, said plantiff, would remain with
him, . . . and thereafter attend to, render and perform at
his said Western Hotel, such services as he, plaintiff, was
then performing for" said deceased, "so long as he, . . .
owned or conducted said Western Hotel, that he . . . would
by his last will and testament devise and bequeath to plain-
tiff the sum of fifty thousand dollars." It is impossbile to
ascertain from the complaint anything about when this
agreement was made. Plaintiff relied upon this promise, con-
sented to so remain in the employ of deceased, and did so
remain until deceased "retired from the management, con-
ducting and ownership of said Western Hotel." There is no
information in the complaint as to how long after the agree-

ment this retirement occurred. Deceased died testate on or about December 30, 1911, leaving estate of the value of about two million dollars, all of which was acquired while plaintiff was in said employ. The debts and expenses of administration will not exceed one hundred thousand dollars. A paper purporting to be his last will has been admitted to probate as such. All the defendants are named in this paper as devisees or legatees. It nowhere appears in the complaint that plaintiff was not also named as a legatee. It is alleged that by reason of refusing said offers of employment from others at higher compensation, and remaining in the employ of deceased, plaintiff "has suffered great and irreparable injury and damage which cannot be compensated except" by a decree for the specific performance of the agreement. It is also alleged that each of the defendants denies and repudiates all rights of plaintiff in and to the money mentioned, and threatens to cause to have distributed to themselves as legatees and devisees the entire estate, and that the executors and executrix, unless restrained, will pay over and deliver to the defendants all the residue of the estate. There is no allegation that any claim for this money was ever presented to the executors and executrix of the will for allowance, nor any allegation other than as above stated, tending to show that the consideration of the alleged contract was just, reasonable, or adequate.

As is urged by respondents, it is nowhere alleged in the complaint that deceased did not provide for the promised legacy in his will. No breach of the contract is alleged, without which, of course, plaintiff could not be entitled to relief of any kind. However, passing this and other objections made to the complaint, we will consider the main question presented by this appeal.

There is no dissent in the authorities from the proposition that one may make a valid contract with another to devise or bequeath property by his last will in a certain specified way. It is clear that in the event of a breach of such a contract, the party damaged has an action at law for the damage caused by such breach of the promisor, and in some cases this, by reason of the circumstances, may be his only remedy, for a resort to any equitable remedy can be had only where the circumstances are such as to make the case one within the

well settled principles relative to the proper exercise of equitable jurisdiction.

Where the party damaged is restricted to his remedy at law for the breach, he must necessarily proceed upon the theory that he is a "creditor" of the deceased, having a "claim against the estate" "arising upon contract," within the meaning of those words as used in our probate law, and he is subject to the provisions of our statutes requiring presentation of claims to the executor or administrator and judge. (Code Civ. Proc., sec. 1490 et seq.) In the absence of such presentation, such a claim, by express provision of the statute, is forever barred. While, owing to the nature of the contract before us, a final breach cannot be regarded as occurring until the death of the deceased, the breach was committed by the deceased, and the liability on account thereof is his. There is no decision in this state that is contrary to this view. Expressions in some opinions which, when detached from their context and considered alone, might appear to give some support to a contention that such a claim need not be so presented, furnish no such support when considered in connection with the question under discussion. On the other hand, it was substantially stated in *Etchas* v. *Orena,* 127 Cal. 588, [60 Pac. 45], that it is essential to an action for breach of contract to compensate one for services by making provision in such person's favor in a will, that a claim against the estate be presented, that no claim could exist against the estate in such case except one founded upon the fact that such services were performed and no provision made in the will for compensation, and that the particulars of the claim should be stated. It is well settled that where presentation of a claim against the estate is essential, a complaint which does not aver that the claim has been presented fails to state a cause of action. (*Burke* v. *Maguire,* 154 Cal. 462, [98 Pac. 21]; *Morse* v. *Steele,* 149 Cal. 305, [86 Pac. 693].) The complaint here contains no allegation as to the presentation of a claim by plaintiff to the executors and executrix, and it is not suggested that it could truthfully have been amended to show such a presentation. The claim of counsel is that it was not necessary to present a claim. It has been held that where services have been performed in pursuance of a contract to leave property by will to the one rendering the service, and the promisor fails to

comply with the agreement, a recovery may be had at law against his estate for the reasonable value of the services. (See Cyc. 1069.) Of course, in such a case, presentation of the claim would be essential. Manifestly, for this defect, if for no other, the complaint must be held to be fatally defective, unless the facts stated therein entitle plaintiff to equitable relief.

It is settled that courts of equity, to use the language of Pomeroy, "will, *under special circumstances, enforce a contract to make a will or to make a certain testamentary disposition.* . . . not by ordering a will to be made, but by regarding the property in the hands of the heirs, devisees, assignees, or representatives of the deceased promisor, as impressed with a trust in favor of the plaintiff, and by compelling defendant, who must, of course, belong to some one of these classes of persons, to make such a disposition of the property as will carry out the intent of the agreement." (*McCabe* v. *Healy,* 138 Cal. 81, 84, [70 Pac. 1008].) The italics are ours. What are the "special circumstances" that warrant a resort to equity? We think it may safely be asserted that in the hundreds of cases to be found in the reports in which this doctrine has been considered, none can be found to support appellant's claim that the circumstances of this case are such as to entitle him to relief in equity.

Passing without discussion other requisites, it is elementary that where, as here, the primary right of a party is *legal* in its nature, as distinguished from *equitable,* and one for which the law affords some remedy, as here damages by way of compensation for breach of contract, a proper exercise of the equitable jurisdiction will not give equitable relief in any case where the legal remedy is full and adequate and does complete justice. No principle of equitable jurisprudence is more firmly established than this. (1 Pomeroy's Equity Jurisprudence, sec. 221.) For instance, the exclusive jurisdiction of equity to grant relief by way of specific performance of a contract will be exercised only in those cases where the legal remedy of compensatory damages is insufficient under the circumstances of the case, in the opinion of the court, to do complete justice between the parties. The fact that in applying this doctrine, courts of equity have established the further rule that in general the legal remedy of damages is inadequate in all agreements for

the sale or letting of land, does not interfere with this rule. In so far as cases of the character of the one before us are concerned, the very basis of the granting of equitable relief is the conclusion in view · of the circumstances of the particular case that full and adequate compensation cannot be had at law.    Certainly no case has been cited to us, and we know of none, in which such relief has been given where it was apparent that full and adequate compensation can be given at law.    Everything that has been said by this court is in accord with this view.    In *Owens* v. *McNally,* 113 Cal. 444, [33 L. R. A. 369, 45 Pac. 710], it was said:  "But in such cases the reason for the interposition of equity is quite obvious.    Plaintiff has rendered service of extraordinary and exceptional character, such service as in contemplation of the parties *was not to be compensated for in money,* and, as in contemplation of law, *cannot be compensated for in money;* therefore, by no action at law could a plaintiff be restored to his original position.    It would be in the nature of a fraud upon him to deny him any relief, and, the law failing by reason of its universality, equity, to promote justice, makes good its imperfections."    The italics are ours.    And in *Flood* v. *Templeton,* 148 Cal. 374, [83 Pac. 148], where such relief was denied because plaintiff's remedy at law was adequate, it was said:  "Equity, it is true, does entertain contracts for specific performance to convey the whole or any portion of the promisor's property by will, but it decrees such performance, first, only upon clear proof of fairness, justness and adequacy, . . . ; and, second, it does so only where the plaintiff cannot be compensated in money.    These cases usually arise where the service is of some extraordinary nature which cannot be, and in the contemplation of the parties was never expected to be, paid for in money, as where home ties are broken," etc.    And quoting from *Owens* v. *McNally,* 113 Cal. 444, [33 L. R. A. 369, 45 Pac. 710], the court further said:  "Specific performance . . . will be decreed only when no other adequate relief is available to plaintiff," and also, "The jurisdiction of a court of equity to decree specific performance does not . . . depend at all upon the question whether the contract relates to real or personal property, but altogether upon the question whether the breach complained of cannot ·be adequately compensated in damages.    If it can, the action has no place in a court of

equity, and the plaintiff's remedy is strictly in law. . . . So it will be found that in all of the cases in which specific performance of these agreements to leave property by will has been decreed by the courts, there has been present the element of peculiar personal services, fully performed and incapable of compensation in money.''

There is no force in plaintiff's contention that the rule in this respect has been changed in this state by an amendment of section 3384 of the Civil Code. That section as originally enacted in 1872, in addition to providing, as it does now, that ''except as otherwise provided in this article, specific performance of an obligation may be compelled,'' contained four subdivisions stating instances in which such relief would be granted, and the second of these subdivisions read ''When the act to be done is such that pecuniary compensation for its nonperformance would not afford adequate relief.'' This section was amended in 1874 by striking out all of these four subdivisions. There is no provision in the article in terms precluding the relief of specific performance in the case of such a contract as the one before us, even though pecuniary compensation would afford adequate relief. Neither is there any provision in terms precluding such relief as to any obligation to pay money. If counsel's claim in this behalf be correct, the effect of the amendment is to authorize a decree of specific performance of the obligation of the maker of a promissory note or any other obligation to pay money. Of course no such intent as that claimed can be attributed to the amendment. The reason for the amendment apparently was that it was deemed unwise to attempt to specify by statute all the particular circumstances under which such relief might be granted, and it was thought best to provide simply that it could always be granted, except as otherwise provided in the article. But this obviously was not intended to dispense with the fundamental requirement that the law does not afford an adequate remedy. That section simply means that specific performance of an obligation may be compelled in any case where the circumstances are such as to authorize such relief under the well settled doctrines of equity jurisprudence, except as otherwise provided in the article. Over and over again since such amendment was made this court has said that inadequacy of any remedy at law is absolutely essential to the granting of a de-

cree of specific performance. The only intimation to the contrary that we have been referred to, or have found, is in the opinion in *Shannon* v. *Cavanaugh,* 12 Cal. App. 434, [107 Pac. 574], decided by the district court of appeal of the second district. No application for a hearing in this court was made in that case. We cannot follow or approve any intimation in the opinion in that case to the effect that, under our code as it now stands, specific performance may be decreed notwithstanding the plaintiff can be fully compensated at law. It was held in that case, passing the suggestion we have referred to, that the circumstances were such as to require the conclusion that there was no complete remedy at law.

There is absolutely nothing in *Glock* v. *Howard etc. Co.,* 123 Cal. 1, [69 Am. St. Rep. 17, 43 L. R. A. 199, 55 Pac. 713], or *Johnston* v. *Blanchard,* 16 Cal. App. 321, [116 Pac. 973], in conflict with the views we have expressed. These cases simply recognize the rule prescribed in this state by section 3389 of the Civil Code, that a contract *otherwise proper to be specifically enforced* will be so enforced, notwithstanding it contains a provision declaring the amount which shall be presumed to be the amount of damage sustained by reason of a breach, or one for a penalty in the event of nonperformance. Where this is the situation, if the circumstances are such as to make the case a proper one for specific performance, the party may waive his stipulated damages and maintain his action in equity. But the rule does not render a contract one as to which specific performance will be decreed *simply because it contains a provision for liquidated damages,* which appears to be the logical effect of plaintiff's contention.

Surely there can be no doubt upon the question whether plaintiff had a full and adequate remedy at law. It is to be presumed that plaintiff has stated his case in his complaint as favorably to himself as he can. As the same is described therein, there was nothing extraordinary or peculiar in the nature of the service to be rendered by plaintiff for deceased. At best he was the assistant manager of the hotel business of deceased conducted at the Western Hotel in Sacramento, and was a faithful and efficient employee of deceased, having his absolute confidence. The services that he was rendering were services that could be, and in the contemplation of the parties were to be, compensated in money. He was rendering those services at a stipulated rate of compensation in

money. Being offered similar employment at various times by others, at a greater compensation, deceased asked him to continue in his employ, performing the same service that he had hitherto performed, at the same compensation, agreeing with him that if he would so remain as long as he, deceased, continued in such hotel business, he, deceased, would make a bequest to him in his will of fifty thousand dollars. He was to receive fifty thousand dollars in money from the estate of deceased if the latter performed his contract. An ordinary action at law for breach of the contract would bring him the very thing to which he is entitled under the allegations of his complaint—afford him full and adequate relief. In such an action, the measure of damages would have been the value of the property agreed to be bequeathed, for that was the amount in which he was damaged by the breach. (See 40 Cyc. 1073.) Attorneys for respondents pertinently ask, ''Is a decree in equity ordering payment of a sum of money from the estate to plaintiff any more perfect and complete justice to him than a common-law judgment in his favor and against the estate for a like sum?'' A clearer case of adequacy of remedy at law could not be made than that presented here. The situation is such as to absolutely preclude resort to equity.

It thus appears that the complaint does not state facts sufficient to entitle plaintiff to any relief, legal or equitable. It fails to show him entitled to any equitable relief for the reason we have just discussed. It fails to show him entitled to recover at law, in view of the want of an allegation showing presentation of his claim to the executors and judge for allowance. It is true, as said by counsel for plaintiff, that monetary relief will be given as an alternative for the specific performance to which a plaintiff is really entitled, where, through no fault of his, specific performance cannot be decreed. But manifestly that rule has no application here where plaintiff has no right to specific performance. It is only where the beneficiary of a promise to make a will has a right to specific performance that the property of the deceased in the hands of the heirs, devisees, and legatees is regarded as impressed with a trust in his favor, and no monetary relief can be awarded here, as suggested, upon the theory of breach of trust. For the reasons we have stated, the complaint fails to state facts sufficient to constitute a

cause of action, and it is unnecessary to discuss other reasons urged by defendants.

In his closing brief, filed in lieu of oral argument, counsel for plaintiff for the first time contends that the lower court was guilty of an abuse of discretion in "refusing leave to amend" the complaint, after demurrer sustained. The transcript shows simply that an order was made July 19, 1913, sustaining the demurrer without leave to plaintiff to amend, and that on December 20, 1913, judgment was given dismissing the action. There is nothing to show or even intimate that plaintiff ever asked leave to amend or that he desired to amend. It appears to be the settled rule in this state that it is too late to make such a point for the first time in this court, when nothing appears in the record to show an abuse of discretion on the part of the lower court. (*Buckley* v. *Howe,* 86 Cal. 596, 600, [25 Pac. 132] ; *Robertson* v. *Burrell,* 110 Cal. 568, 579, [42 Pac. 1086] ; *Durrell* v. *Dooner,* 119 Cal. 411, 413, [51 Pac. 628] ; *Prince* v. *Lamb,* 128 Cal. 130, [60 Pac. 689].) Certainly no abuse of discretion is shown or suggested by the record before us. The allegations of the complaint are such as to make it reasonably certain that the pleading could not have been amended truthfully so as to make it state a cause of action. If plaintiff thought otherwise, he should have applied to the court below for leave to amend.

The judgment is affirmed.

Shaw, J., Sloss, J., Lorigan, J., Henshaw, J., and Melvin, J., concurred.