[Civ. No. 2619.  Second Appellate District, Division One.—March 29, 1919.]

## CLAIRE J. KIRCH, Respondent, v. JUNOT WATTELL et al., Appellants.

[1] SALES — PURCHASE OF CHATTELS — SECURITY—DEFAULT—REMEDIES OF VENDOR.—Where the purchaser of the furniture, furnishings, and leasehold interest in a certain lodging-house agrees to pay a part of the purchase price on a given date and to execute a chattel mortgage on the furniture for the balance, and as further security to execute a deed to certain real property to be deposited in escrow, and it is provided in the agreement that upon default of the purchaser to fulfill his obligations under the contract the deed is to be delivered to the vendor and the property forfeited as "liquidated damages," upon failure of the purchaser to make the payments as agreed, the vendor is not required to resort to an action for damages as her only means of obtaining satisfaction of the obligations assumed by the purchaser, but may pursue her remedy by an action for specific performance.

[2] ID.—ACTION FOR SPECIFIC PERFORMANCE—DECREE.—In an action for specific performance of such a contract, after default by the purchaser, the court properly decreed that the deed be delivered to the vendor to be retained by her as security for the performance of the obligations of the purchaser.

APPEAL from a judgment of the Superior Court of Los Angeles County.  John W. Shenk, Judge.  Affirmed.

The facts are stated in the opinion of the court.

Bernard Potter for Appellants.

Ira L. Brunk and J. H. Creighton for Respondent.

THE COURT.—[1]  In this action a decree was entered agreeable to the prayer of the complaint requiring specific performance of the agreement made between defendant Wattell and the plaintiff.  In the decree it was further determined that a deed made by Wattell to his codefendant was void as to the plaintiff.  The cause of action grew out of a transaction had wherein plaintiff sold to Wattell the furniture, furnishings, and her leasehold interest in a certain lodging-house located in the city of Los Angeles.  The agreement was ex-

pressed in part in a memorandum made at the time and signed by both parties, and in part by certain escrow instructions given to a trustee selected by the parties. Counsel for appellants in insisting that there was no mutuality such as would entitle the plaintiff to the remedy which she obtained in this action, refers only to the memorandum first made, which is only in part expressive of the admitted agreement intended to be entered into. In order to arrive at the full purpose of the contracting parties, the escrow instructions constituted a necessary part of the contract. The lodging-house sold by plaintiff to Wattell was furnished and the agreed price was $3,750 for the furnishings, furniture, and leasehold interest. Wattell agreed first to pay the sum of one thousand two hundred dollars on or before the twenty-sixth day of December, 1914, and agreed to execute a chattel mortgage on the furniture for $2,550, which should be payable in certain parts per month, with interest stated. It was provided that an extension of time might be given in certain contingencies. As further security that he would comply with the terms of the agreement, Wattell was to deposit a deed with the trustee, transferring title to a lot in the city of Los Angeles to the plaintiff, which deed was to be held by the trustee until default was made by Wattell, whereupon it was to deliver it to the plaintiff. It was stated in the agreement that upon default of Wattell to fulfill his obligations under the contract the deed was to be delivered to the plaintiff, and the contract recited that "the second party (Wattell) agrees to forfeit above-named property as liquidated damages." An extension of time was given on the contract, but defendant failed to make the payments to the plaintiff as required; whereupon this action was brought. We think that specific performance was the appropriate remedy and that plaintiff was not required to resort to an action for damages as her only means of obtaining satisfaction of the obligations assumed by the defendant. (*Shannon* v. *Cavanaugh,* 12 Cal. App. 434, [107 Pac. 574].)

[2] Appellants insist that the court improperly decreed that the deed from Wattell to the plaintiff should be delivered to the plaintiff to be held as security. They argue that the term of the contract providing that the property should be taken under the deed as for liquidated damages was void for the reason that the case was not such a one as to permit damages to be fixed in advance. We may agree that this was so.

However, assuming that the plaintiff had received the deed, she would have been entitled to retain it as security for the performance of the obligations of the defendant. She could not have claimed the property transferred by defendant absolutely as her own, but would have been required to foreclose in order to subject the lot to the payment of her debt. So here the court properly decreed that the deed should be delivered and held in the same way. The form of the chattel mortgage which the court decreed should be executed by Wattell was precisely in accord, as to the payments to be made, with the contract as expressed in the memorandum agreement and the trust instructions executed by Wattell. The court found against the defendant's claim that there had been fraudulent representations as to the value of the lodging-house, furnishings, and furniture; hence we are not concerned with that question here, as there was sufficient evidence to support those findings. The contract between these parties was poorly expressed and the action taken under it somewhat disconnected. However, on the record before us we cannot perceive wherein justice has miscarried in this case.

The judgment appealed from is affirmed.