(May 19, 1923.)

JULIUS NIELSON and MELVIN WALKER, Appellants,
v. P. J. PETERSON and CHRIS VALCARCE, Re-
spondents.

[215 Pac. 836.]

LANDLORD AND TENANT—LEASE—LIABILITY OF ASSIGNEE—EQUITABLE
LIEN—SECURITY FOR RENT—INJUNCTION—COMPLAINT.

1. Portion of lease set forth in complaint examined and *held*
to give the lessor an equitable lien to secure the payment of rent.

2. Assignees under said lease and purchasers of the property
subject to the lien, with actual notice of the terms of the lease,
are bound by the lease and lien to the same extent as the original
lessee.

3. *Held*, that the complaint herein states a cause of action
authorizing injunctive relief.

APPEAL from the District Court of the Eleventh Judi-
cial District, for Cassia County. Hon. T. Bailey Lee, Judge.

Action for injunction. From judgment for defendants,
plaintiffs appeal. *Reversed* and *remanded*, with instructions.

S. T. Lowe, for Appellant.

The provisions of the lease create a lien upon the furni-
ture and fixtures placed within the premises as security for
the rent to be paid under the terms and conditions of said
lease. (16 R. C. L. 927; *Smith v. Dayton,* 94 Iowa, 102,
62 N. W. 650.)

A lien for rent exists where the lease provides for a re-
entry; that is a right upon default in the payment of rent
to repossess the demised premises. (*Stephenson v. Haines,*
16 Ohio St. 478; *Appeal of Spangler,* 30 Pa. 277.)

The lien thus created is an equitable lien. (*Dalton v.
Laudahn,* 27 Mich. 529; *Metcalf v. Fosdick,* 23 Ohio St. 114;
*Marquam v. Sengfelder,* 24 Or. 2, 32 Pac. 676; *Hume v.
Riggs,* 12 App. Cas. (D. C.) 355; *Fejavry v. Broesch,* 52
Iowa, 88, 35 Am. Rep. 261, 2 N. W. 963; *Wilkerson v.*

*Thorpe,* 128 Cal. 221, 60 Pac. 679; Pomeroy's Equity Jurisprudence, secs. 1233–1237.)

In considering an appeal from an order for injunction *pendente lite,* the court does not require the case to have been made out, such as would entitle the applicant to relief at the final hearing; it is sufficient if the pleadings and evidence present a state of fact making the transaction a proper subject for equitable injunction. (*Wilson v. Eagleson,* 9 Ida. 17, 108 Am. St. 110, 71 Pac. 613; *Staples v. Rossi,* 7 Ida. 618, 65 Pac. 67; *Buena Vista Gold Mines Co. v. Boise Basin Implement Co.,* 29 Ida. 789, 162 Pac. 330; 14 R. C. L. 365.)

The plaintiffs had the same rights against the defendants in this action that they would have had against the original lessee. (C. S., sec. 5352; *Shannon v. Cavanaugh,* 12 Cal. App. 434, 107 Pac. 574.)

Dotson & Britsch, for Respondents.

"Where the intention clearly appears from the words used, there is no need to go further, for in such case the words must govern; or as is sometimes said, where there is no doubt, there is no room for construction." (Clark on Contracts, 2d ed., 404.)

The standpoint that the lease "constituted an equitable lien upon the furniture, fixtures and equipment," is but another way of asking the court to construe the language of the lease to mean something which the words do not express.

The equitable lien of which counsel speaks must be an implied lien, a lien by construction, but where there is no doubt there is no room for construction. (See 3 Page on Contracts, sec. 2065.)

By their alleged lease contract, the plaintiffs have provided and agreed upon a plain and adequate remedy and cannot demand or invoke the powers of an equity court either by way of granting reformation or by granting an injunction. (22 Cyc. 849, 850.)

GIVENS, Commissioner. — Plaintiffs and appellants, Nielson and Walker, leased to Thomas E. Fitzgerald thirty-five rooms, or all of the second floor of a building in Burley, for a period of ten years, at an annual rental for the first five years of $4,200, payable $350 per month in advance, and for the last five years at an annual rental of $4,500, also payable in advance monthly payments.

Among other conditions, the lease contained the following provisions:

"And it is hereby agreed that if the rent herein provided for to be paid to the first parties, or any part thereof, shall not be paid promptly on the date on which the same is due and payable, or if default be made in any of the covenants herein contained, on the part of the second party, then and in that event it shall be lawful for the said first party to re-enter the said premises and take full possession thereof, with or without legal process, and to take possession of all furniture, fixtures, and equipment therein, otherwise belonging to the said party of the second part, and to exclude all persons therefrom, and to re-let the said premises and to declare a forfeiture of the said furniture, fixtures and equipment unto the said first parties, as liquidated damages for such default on the part of the party of the second part."

Fitzgerald operated the said premises as a hotel, and later assigned and sold the lease, furniture, fixtures and equipment to defendants, respondents, it being alleged in the complaint that respondents had full knowledge of the terms of this lease.

Thereafter respondents notified appellants they would no longer pay the rent, and intended to abandon the premises and remove the furniture, fixtures and equipment therefrom. Appellants brought suit to obtain an injunction restraining them from removing the furniture and to have the lease reformed to specifically declare a lien upon the furniture, such being the alleged intention of the original parties.

A temporary injunction was issued and thereafter dissolved, and a general demurrer to the complaint sustained. Appellants elected to stand on their complaint, and appeal

from the judgment dismissing said action and dissolving the injunction.

Respondents contend that the lease will not bear a construction giving appellants an equitable lien, and that it being clear and unambiguous, and no fraud or mistake being alleged, the court would have no power to reform the same to declare a lien; that the action for the purpose of securing an injunction is premature; and that appellants have an adequate remedy at law in the way of damages.

If the language of the lease gives appellants a lien, there is of course no necessity for having the same reformed.

Upon default in the payment of rent, appellants would have the right to enter the premises and take possession of the furniture therein belonging to respondents as liquidated damages. Thus certain specific property was made subject to lawful seizure by appellants if respondents should default in the payment of rent. The effect of this language was to make this furniture liable for the payment of this rent, and hence security for its payment. (24 Cyc. 1244.)

*Walker v. Brown,* 165 U. S. 654, 17 Sup. Ct. 453, 41 L. ed. 865, holding that language similar to that contained in this lease gave an equitable lien, appears to be a leading case.

A mining claim was leased for ten years under in part the following provision: ". . . . that 'all improvements erected on said premises by said second party (the Weller Company), or its assigns, or by anyone who may claim under it or them, are bound for the payment of each instalment of rent, and for the county and state taxes and all other taxes and demands, as aforesaid, and for any arrears of rent or taxes,' " wherein, following the *Walker v. Brown* case, *supra,* the court said: "The lease of July 15, 1913, evidences an equitable lien far within the definition here given, and it fastened such a lien for the rent in favor of the lessor and its successor in interest (the Telluride Company) upon the buildings and appurtenances placed upon the leased premises by the Weller Company. . . . . " (*Lewin v. Telluride Iron Works,* 272 Fed. 590, at 592.)

It might be urged that the lease in question was not a chattel mortgage and was not a pledge, and therefore there could be no equitable lien. This argument is fully answered by and disposed of in *Pierce v. National Bank of Commerce,* 268 Fed. 487, at 494; *Gage Lumber Co. v. McEldowney,* 207 Fed. 255, at 260, 124 C. C. A. 641.

In the complaint it was alleged that respondents had actual notice of the provisions of the lease, and that they were the successors in interest of the original lessee, therefore they are bound by the provisions of the lease, and the equitable lien is good as against them. (C. S., sec. 5352; 24 Cyc. 981; 16 R. C. L. 849.)

It was further alleged that if respondents removed the furniture, appellants' security would be damaged and reduced, that they would suffer irreparable injury, and that respondents were incapable of responding in damages.

Upon this question as to the relative adequacy of legal and equitable relief, where certain furniture in a lodging-house was sold and security for the payment of the purchase price was given, California has held as follows:

"We think that specific performance was the appropriate remedy, and that plaintiff was not required to resort to an action for damages as her only means of obtaining satisfaction of the obligation assumed by the defendant. *Shannon v. Cavanaugh,* 12 Cal. App. 434, 107 Pac. 574." (*Kirch v. Wattrell,* 40 Cal. App. 501, 181 Pac. 111.)

In the *Shannon v. Cavanaugh* case, cited in the immediately preceding case, the purchasers had agreed to give a chattel mortgage upon the furniture sold as security for the payment of the rent, and upon their failure and refusal to do so, plaintiffs brought an action to restrain the removal of the furniture. The court said:

"Upon the filing of the complaint the court, upon plaintiff's application, made an order directing defendants, at a time and place therein specified, to show cause why a temporary injunction should not be issued, restraining them from disposing of, encumbering, selling or removing the furniture which they had agreed to mortgage to plaintiff, and

that upon the hearing of such application, an order be made restraining defendants from so doing. At the hearing of said application, had upon the complaint and the general demurrer of defendants thereto, the court dissolved the restraining order and denied the plaintiffs' application for a temporary injunction. As against the general demurrer, we must accept the allegation of the complaint. as true. Thus accepted, it appears that the defendants have no property in this state, other than the furniture in question; that they are legally obligated to mortgage the same to plaintiffs as security for the payment of the rent reserved in the lease; that defendants threaten to mortgage or otherwise dispose of the same, thereby, as well as by other alleged acts, causing irreparable injury to the plaintiffs. It is apparent from the record that the making of the orders was due to an erroneous conception of the law upon which the court held the complaint wanting in facts sufficient to state a cause of action.'' (*Shannon v. Cavanaugh, supra.*)

In the case at bar, appellants had an equitable lien. In the last case cited, the purchaser was under an obligation to give a pledge or mortgage, and in the above-cited case the court held that the terms of the lease were sufficient to give the seller the right to an injunction to restrain the removal and hence depreciation of the furniture, which was security for the payment of the rent. In the case at bar, the strongest contention respondents would make would be similar, to the effect that appellants would have a right in default of the payment of rent to take the property as liquidated damages. If, therefore, the removal of the furniture would interfere with appellants' full exercise of the right which respondents in effect acknowledged they possessed, the injunction should not have been dissolved.

''Where a tenant under an unexpired lease providing a monthly rental began to deplete the stock of goods in the leased building by shipping them to a store in another town owned and operated by the tenant and another, the landlord was entitled to an injunction restraining the removal of the goods to the prejudice of his lien, though the

tenant was not insolvent, since, the rent not being due, he had no remedy at law for the protection of his lien." (*Wallin v. W. T. Murphy & Co.*, 117 Iowa, 640, 91 N. W. 930; *Gray v. Bremer & Strother*, 122 Iowa, 110, 97 N. W. 991.)

Injunctions will issue to restrain temporarily an act which will result in great damage to the plaintiff, although the injury is not irreparable, and plaintiff might have sued for damages, since a party need not wait until his property has been damaged or destroyed and then resort to an action for damages. (*Price v. Grice*, 10 Ida. 443, 79 Pac. 387; *Buena Vista Gold Mines Co. v. Boise Basin etc. Co.*, 29 Ida. 789, 162 Pac. 330.)

"The next contention made by the respondents is stated as follows: 'Nowhere does the appellant state that he *has been injured*, nor is there one word of testimony which was produced on the hearing that the plaintiff has been damaged to any extent whatever.' . . . . It has been well said by a very eminent court of this country that 'courts of equity . . . . have power to issue injunctions, and that they never exercise this power to allay mere apprehensions of injury, but only when the injury is imminent and irreparable.' *Schubach v. McDonald*, 179 Mo. 163, 101 Am. St. 452, 78 S. W. 1020, 65 L. R. A. 136. Under the statutes of this state, however (sec. 4287, Rev. Codes), 'an injunction is a writ or order requiring a person to refrain from a particular act,' and by section 4288, the writ issues to restrain the commission or continuance of some act which would produce 'great or irreparable injury' to the moving party. The chief virtue of this writ lies in its preventive nature. It is invoked for the purpose of restraining and preventing the execution of a threatened and imminent, unperformed and unexecuted act, and to avert a nonexistent injury. (22 Cyc. 741.) This is undoubtedly the kind and character of action in which the writ may be invoked." (*Fischer v. Davis* (on rehearing), 19 Ida. 501, at 502, 116 Pac. 414.)

The judgment should be reversed and the cause remanded, with instructions to the trial court to reinstate the injunction,

37 Idaho.—12

overrule the demurrer and permit the defendants to answer.

Budge, C. J., and Dunn and William A. Lee, JJ., concur.

PER CURIAM.—The above and foregoing opinion has been examined and is hereby adopted in whole as the opinion of the court, and it is so ordered. Costs to appellants.