(No. 6345.   March 26, 1937.)

HARVEY N. GOBLE, Respondent, v. NEW WORLD LIFE INSURANCE COMPANY, Appellant.

[67 Pac. (2d) 280.]

Walter Griffiths, for Appellant.

Geo. H. van de Steeg and Frank Estabrook for Respondent.

MORGAN, C. J.—This is an appeal from a judgment and decree perpetually enjoining appellant from terminating, or canceling, a policy issued by it to respondent insuring his life; adjudging said policy to be in full force and effect and requiring appellant to issue and forward to respondent its receipt for the premium thereon falling due December 26, 1933, and for all subsequent premiums, as they become due, during the remainder of his life without payment therefor. Appellant questions the sufficiency of the facts alleged in the complaint to constitute a cause of action, or to entitle respondent to the relief prayed for, or any relief;

also the sufficiency of the evidence to sustain the judgment, or to warrant granting an injunction.

After a statement of the corporate existence of appellant and of its authorization to transact business in Idaho, the complaint contains an allegation that it executed and delivered to respondent a life insurance policy wherein it agreed to pay, on his death, the sum of $5,000, together with $80 for each annual premium paid thereon and with accumulations thereof. It is further alleged the policy provides, among other things, that:

"If the insured shall before attaining age sixty, and prior to default in payment of any premium, be so disabled by bodily injuries or disease as to become permanently, continuously and wholly prevented from pursuing any and all gainful occupations, the Company, on satisfactory proof of such disability, will, by forwarding official premium receipt, waive payment of each subsequent premium as it becomes due under this policy during the continuance of such disability and the guaranteed loan and surrender values shall increase in the same manner as if such premium were paid by the insured. Should the insured recover so as to be able to engage in any gainful occupation, the premiums thereafter falling due shall be paid by the insured in conformity with the contract."

It is further alleged in the complaint that respondent (at the time of the commencement of the action) was fifty-four years old and had complied with all the terms, conditions and provisions of the policy to be by him performed, including that for the payment of premiums. It also contains this allegation:

"That the plaintiff is now and has been for more than a year last past so disabled by disease, towit: diabetes, as to become permanently, continuously and wholly prevented from pursuing any and all gainful occupations, except by the constant and increasing use of a drug, known as insulin, the plaintiff is able to perform some of the lighter duties of farming, which is the only occupation for which the plaintiff is fitted by training and education or which he could pursue were he not afflicted with the disease aforesaid."

It is further alleged that, prior to the commencement of the action, respondent made proof to appellant, in writing, of his physical condition and made claim for the disability benefit provided for in the policy, above quoted, with respect to the waiver of payment of premiums and the issuance of receipts therefor, but that said claim had been by appellant rejected and refused. Also, that appellant had threatened to and would, unless restrained by order of court, terminate and cancel the policy if payment of premiums thereon were not made, and that respondent had no plain, speedy or adequate remedy at law.

Appellant contends the facts set forth in the complaint are insufficient to show respondent is entitled to an injunction restraining it from canceling the policy, in that, if the policy should be wrongfully canceled, a plain, speedy and adequate remedy at law, i. e., an action for damages for its cancelation, is available to him.

In Idaho the use of injunction is governed by statute. I. C. A., sec. 6–401, provides: ''An injunction is a writ or order requiring a person to refrain from a particular act. . . . .''

Section 6–402 contains this provision:

''An injunction may be granted in the following cases:

''1. When it appears by the complaint that the plaintiff is entitled to the relief demanded, and such relief or any part thereof, consists in restraining the commission or continuance of the act complained of, either for a limited period or perpetually.''

In *Staples v. Rossi*, 7 Ida. 618, 626, 65 Pac. 67, 69, referring to our statute with respect to injunction, this court said:

''This statute modifies the old rules of chancery in regard to the issuance of injunctions. It says nothing whatever about the lack of an adequate remedy. We are therefore of the opinion that the authorities cited by the appellants to the effect that, if an adequate remedy exists in behalf of the plaintiffs, said injunction should be refused, have no application whatever to the case at bar, under the statute cited.''

See, also, *Meyer v. First Nat. Bank,* 10 Ida. 175, 77 Pac. 334; *Price v. Grice,* 10 Ida. 443, 79 Pac. 387; *Nielson v. Peterson,* 37 Ida. 171, 215 Pac. 836.

Even if we had no statute prescribing the use of injunctions and if a plain, speedy and adequate remedy at law, available to a plaintiff, would prevent the use of that writ in his behalf, the facts stated in the complaint are sufficient to justify its issuance. The complaint shows appellant threatened to and would cancel the policy, unless enjoined, if the premiums were not paid. Respondent, if denied the right to injunctive relief, would be faced with the necessity of paying the premiums or would be exposed to the hazard of having his policy canceled for his failure to do so. If he should elect to withhold payment of premiums, suffer cancelation of his policy and sue for damage for its wrongful termination, and should fail to prove sufficient disability to invoke the provision of the policy excusing him from payment, his insurance would be lost, which is a sufficient hazard to render that remedy inadequate.

Appellant contends the allegation in the complaint, of respondent's physical disability, is not sufficient to entitle him to be relieved from the payment of premiums; that he was not therein alleged to be, to quote from the policy, "so disabled by bodily injuries or disease as to become permanently, continuously and wholly prevented from pursuing any and all gainful occupations."

It is true, it is alleged in the complaint that, by the constant and increasing use of insulin, respondent was able to perform some of the lighter duties of farming, and the question is whether his ability to do so, aided by the use of the drug, defeats his right to have his policy of insurance continued in force without the payment of premiums.

The courts, generally, hold that in order to secure the benefits provided for in policies of insurance by reason of the degree of disability meant by the use of such language as is here employed, it is not necessary for the insured to be absolutely helpless, or entirely unable to do anything worthy of compensation, or from which gain might be derived. If he is so disabled that substantially all the avenues of gainful employment are reasonably closed to him his

condition is within the meaning of the covenant. Many cases so holding will be found assembled in the annotation to *Prudential Ins. Co. v. South,* 179 Ga. 653, 177 S. E. 499, 98 A. L. R. 781, 789. The order overruling the demurrer was not erroneous.

The only controversy as to the sufficiency of the evidence relates to the degree of disability. Appellant contends the proof fails to establish respondent was disabled to an extent which prevented him from pursuing any and all gainful occupations, within the meaning of the provision in the policy entitling him to have the insurance carried in force without payment of premiums.

The policy was issued December 26, 1919. The evidence shows, without conflict, respondent was taken sick in 1925; that he employed a physician who advised him he had diabetes and treated him for it; that in March, 1926, he consulted another physician who advised him he had diabetes and put him in a hospital and on a diet; that after he left the hospital the doctor told him he could not do heavy work and should continue on the diet prescribed; that he did not follow the doctor's advice, strictly, because he found the diet was insufficient to keep up his strength; that he had to return to the hospital where he was again placed on a strict diet; that the diet did not result in improvement and, pursuant to the doctor's instruction, he began the use of insulin and has used it, in increasing quantities, ever since; that his ability to perform manual labor, the only employment he is qualified to undertake, decreased until at the time he made demand for exemption from payment of premiums he was unable to discharge any of the duties of farming, other than the lighter tasks, such as driving a mowing machine or rake, which exhausted him completely, and was unable to do any work whatever, or even live, without the use of insulin.

The physician who had respondent under observation at the time of the trial and who had treated him for a considerable length of time prior thereto, testified he found him getting weaker all the time because he was trying to work more than he should; that he had advised him to quit the farm because he was not physically able to do the work; that, "as he would attempt to work on the farm, do too much

work, he would not be able to control his insulin and he would get worse physically and he would get weaker. He uses more insulin than he did in 1930 and he is not getting any better. He is gradually getting worse." The doctor further testified:

"Q. In your opinion would common prudence, common care and prudence require that the plaintiff, with due regard to his own physical well being and the prolongation of his life, quit work entirely?

"A. Yes, sir, that is the thing to do.

"Q. In your opinion, Doctor, is a man in the condition of Mr. Goble, in which you found Mr. Goble at the time you examined him in 1930, is he totally disabled?

"A. Yes, sir."

He further testified respondent's disability is continuous and his disease is incurable.

In *Prudential Life Ins. Co. v. South,* heretofore cited, it is said:

"In cases of this character, the policy should be construed liberally to effectuate the general purpose of the contract, which is to indemnify the insured for the loss of time by reason of incapacity to perform his usual work or carry on his usual business by reason of a happening covered by the policy."

That statement is in line with the doctrine followed by courts, generally, in like cases.

█ The purpose of the covenant here under consideration is to insure respondent his policy will not be canceled for failure to pay premiums in the event of his practical disability to pursue all gainful occupations. The fact that he could, by the use of insulin, and further damage to his health and by endangering his life, perform some of the lighter duties of his employment, does not defeat his right to the protection appellant had, for a valuable consideration, contracted to provide him. (Couch on Insurance, sec. 1670.)

The evidence is sufficient to sustain the judgment and decree, which are affirmed. Costs are awarded to respondent.

Holden, Budge and Givens, JJ., concur.

Ailshie, J., deeming himself disqualified did not sit at the hearing nor participate in the decision.