[Civ. No. 2371.   First Appellate District.—April 8, 1918.]

ESTELLE PORTER CHRISTIN et al., Appellants, v. EDWARD H. CLARK, Individually and as Executor, etc., et al., Respondents.

CONTRACT—AGREEMENT TO WILL PROPERTY—SPECIFIC PERFORMANCE.— While equity will in a proper case enforce a contract to leave property by will, it will only do so when the contract is fair, its terms definite and certain, the consideration substantial, and the plaintiff without an adequate remedy at law.

ID.—SERVICES AS TRAVELING COMPANION—INADEQUACY OF CONSIDERATION.—A promise to leave by will all of the jewelry, personal effects, and a large part of the personal property of the promisor to a girl in return for her services as a traveling companion on a six months' European trip, will not be specifically enforced, as a contract to leave the whole estate, which was of a value of about one hundred thousand dollars, because of the inadequacy of the value of the services.

ID.—CONTRACT TO LEAVE JEWELRY AND PERSONAL EFFECTS—ESSENTIALS TO SPECIFIC ENFORCEMENT.—A contract to will jewelry and personal effects will not be specifically enforced where it is not made to appear that they were of such a rare nature that they could not be duplicated, or were possessed of a peculiar sentimental value.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco.   E. P. Mogan, Judge.

The facts are stated in the opinion of the court.

H. F. Chadbourne, Alan C. Van Fleet, and C. A. Christin, for Appellants.

Charles S. Wheeler, John F. Bowie, and Nathan Moran, for Respondents.

ZOOK, Acting P. J., *pro tem.*—This is an appeal from a judgment for defendants on demurrer to a complaint for specific performance of a contract to leave property by will, which contract is alleged to have been made in 1906 between plaintiff, Estelle P. Christin, then Estelle Porter, and one Estelle Caswell, whose executor and legatees are the defendants in the case.

The facts of the case are as follows: When the contract was made, Estelle Porter, then eighteen years old, was living with her family in San Fernando, California; her family relations were affectionate, and her social circle pleasant and agreeable; she had finished her high school course and was about to enter Stanford University; Mrs. Caswell invited her to spend *six months* with her in Paris, and promised plaintiff and her mother that in the event plaintiff accepted the offer, she, Mrs. Caswell, would leave to her by will "all of her jewelry, personal effects, and a large part of her personal property," or "all of her jewelry and personal effects." (The promise is stated in the complaint in both ways.) Plaintiff accepted the offer, and spent "large sums," not stated in the complaint, in traveling to and from France and on trips with Mrs. Caswell in Europe; while with Mrs. Caswell, plaintiff rendered services to her as a traveling companion and "personal services," the nature of which does not appear. Plaintiff returned home at the end of the six months. Mrs. Caswell died in 1914, leaving a will which omitted to make any provision whatsoever for plaintiff. Her estate consisted of a number of items of jewelry and furniture and railroad and industrial stocks of a total value of upward of one hundred thousand dollars. The prayer of the complaint asks that the whole estate be decreed to be held in trust for plaintiff.

The complaint wholly fails to state a case for equitable relief. While equity will in a proper case enforce a contract to leave property by will, it will only do so when the contract is fair, its terms definite and certain, the consideration substantial, and the plaintiff without an adequate remedy at law. Conceding the promise to be certain in the case at bar, the consideration therefor is hopelessly inadequate. In every California case where such a contract has been enforced, there was a complete change in the course of the plaintiff's life resulting from his performance of the con-

tract. Here we have a temporary interruption only of plaintiff's relations with her family and friends and a short postponement of her college course, and while the complaint is eloquent, not to say verbose, in its recital of the detriment suffered by plaintiff, it is apparent that the only real loss suffered by her was the death of her father in her absence, an occurrence which certainly was not within the contemplation of the parties when the contract was made. The advantages plaintiff received in being afforded an opportunity to travel in Europe would, in the mind of any normal young woman, be more than sufficient compensation for her temporary absence from home and friends, and there could be no more fitting preliminary to a college course than a trip to Europe. The services rendered by plaintiff as a traveling companion for such a short period were slight, and absolutely disproportionate to the value of the estate claimed.

Upon the oral argument counsel, evidently recognizing the weakness of their claim to the whole estate, urged that the contract should be enforced as to the ''jewelry and personal effects'' set forth in the schedule, but in the absence of any allegation that these articles were of such a rare nature that they could not be duplicated, or were possessed of a peculiar sentimental value, or *pretium affectionis,* the complaint is insufficient in equity. An award in an action at law of damages to the amount of the intrinsic value of the jewelry and personal effects would have adequately compensated plaintiff for the breach of the contract.

Judgment affirmed.

Kerrigan, J., and Beasly, J., *pro tem.,* concurred.