[Civ. No. 3897. Second Appellate District, Division One.—May 26, 1922.]

## FRANK C. HOYT, Appellant, v. BELLE THOMAS et al., Respondents.

[1] SPECIFIC PERFORMANCE—CONTRACT TO LEAVE PROPERTY BY WILL—PERFORMANCE OF PERSONAL SERVICES—PECUNIARY MEASUREMENT. Specific performance of a contract to leave property by will in consideration of performance of personal services cannot be decreed where the services are susceptible of pecuniary measurement, and the fact that the promisee kept no memoranda and is unable to establish the extent or value of the services is immaterial.

APPEAL from a judgment of the Superior Court of Los Angeles County. Charles S. Burnell, Judge. Affirmed.

The facts are stated in the opinion of the court.

Charles J. Kelly for Appellant.

Lloyd W. Moultrie for Respondents.

SHAW, J.—Plaintiff appeals from a judgment entered in favor of defendants upon an order of court sustaining a general demurrer to the second amended complaint for the specific performance of a contract, without leave to amend.

---

Specific performance of contract to leave property in consideration of services or support, notes, Ann. Cas. 1914A, 399; Ann. Cas. 1918A, 1191; 44 L. R. A. (N. S.) 733.

The case stated by the complaint, so far as material, is in substance as follows: Hattie McIntire died in September, 1917, leaving an estate the value of which, as distributed to defendants as the heirs of deceased under an order of court, was $3,469.12. It is alleged that in March, 1903, a contract was entered into between plaintiff and said Hattie McIntire, ''by the terms and conditions whereof this plaintiff promised and agreed to and with the said Hattie McIntire that he would render to the said Hattie McIntire from that time during the remainder of the term of her natural life such care and personal services as she might require of him, and particularly that he would attend to the business affairs of the said Hattie McIntire both in connection with her real property and otherwise and that he would endeavor to so manage and conduct her affairs in such manner if it were possible that the said Hattie McIntire would, during the remainder of her lifetime, be assured of and provided with a suitable and proper home and sufficient income to provide for her a suitable and proper living and that whatever sickness, misfortune or losses she might suffer he would render to her such comfort, aid and assistance within his power or ability as she might require or request of him and that during the remainder of the term of her natural life he would and in consideration thereof the said Hattie McIntire then and there promised and agreed to and with this plaintiff that upon her death all of the property and estate of which she died possessed should be and become the property of this plaintiff and that prior to her death she would execute a last will and testament or such other papers as might be necessary to transfer, set over and secure to this plaintiff such property and estate of which she might die possessed.'' That plaintiff, during the lifetime of Hattie McIntire, fully performed his part of the contract so made; notwithstanding which fact the said Hattie McIntire did not, as she agreed, execute a will in favor of plaintiff, nor execute any papers transferring to plaintiff the property which she possessed at the time of her death, nor any part thereof, the legal title to all of which was, under said order of distribution, acquired by defendants, who are alleged to hold the property in trust for plaintiff under and by virtue of the terms of said

contract so made between plaintiff and deceased. It is further alleged that plaintiff, in reliance upon the terms of said agreement and promise so made by Hattie McIntire, neglected to keep any account or memoranda in writing of the numerous services rendered by him in the performance of said contract or the time devoted to her care and comfort, without which plaintiff has no recollection or knowledge of the total time so devoted by him to the performance of said agreement, and, hence, during the administration of the estate of Hattie McIntire, was not and is not now able to produce satisfactory evidence to establish the value of the services so rendered by him under the terms of the agreement; that the greater part thereof had, at the time of their rendition, no fixed market value and as to such thereof upon which a value could have been fixed it is now impossible, upon the evidence which he could produce, for a jury to determine the measure thereof in money.

The prayer of the complaint is that defendants be required to transfer and convey the property so received by them to plaintiff.

The case has heretofore been before this court upon an appeal had by the defendants from a judgment of specific performance rendered upon the original complaint in favor of plaintiff, and the opinion reversing the judgment therein is reported in *Hoyt* v. *Thomas,* 50 Cal. App. 329 [195 Pac. 260]. The decision on the former appeal should be deemed determinative of the question here presented. In the opinion referred to we had occasion to quote at length from the contract as alleged in the original complaint and from the testimony of plaintiff as to the character of the agreement and what he did thereunder. Reference to this contract and testimony shows the contract then under consideration to have been identical with that now declared upon, save and except that in the original complaint plaintiff alleged and at the trial had thereon testified that the services performed under the contract were of the value of four thousand dollars; whereas in the amended complaint now presented he alleges that he kept no account or memoranda in writing of the numerous services rendered to deceased and has no recollection or knowledge thereof, by reason of which fact he cannot even approximate the time so devoted to the services rendered under

the terms of the agreement or fix the value thereof so as to enable a jury or court of law to determine his damage. Nevertheless, as said in the former appeal, "the plaintiff himself seems to have had it in his mind that the services had a particular and definite money value, for he testified, without apparent hesitation and without qualification, so far as the record shows, that in his opinion the services were worth, as stated, about four thousand dollars." Waiving plaintiff's apparent willingness to meet the exigencies of the case arising from the former decision and conceding a loss of memory as to the facts upon which he so readily based his sworn statements in obtaining the former judgment, we are of the opinion that the complaint fails to state a cause of action for the equitable relief demanded.

[1] The action is one for the specific performance of the alleged contract whereby Hattie McIntire agreed that she would by will, in consideration of the performance of the alleged contract on plaintiff's part, devise her property to him. That courts of equity will under special circumstances enforce such contracts seems to be the settled law. (Pomeroy on Specific Performance, p. 268; *Morrison* v. *Land,* 169 Cal. 580 [147 Pac. 259].) To warrant such action, however, it must not only be made to appear that the contract is fair and just (*Flood* v. *Templeton,* 148 Cal. 374 [83 Pac. 148]), but that the services called for and performed, by reason of their peculiar character, are such that they cannot be measured by a pecuniary standard (*Morrison* v. *Land, supra*), and hence cannot be compensated for in money. (*Owens* v. *McNally,* 113 Cal. 444 [33 L. R. A. 369, 45 Pac. 710].) Most of the cases where contracts of the nature here involved have been enforced appear to have been those where home ties were broken and new domestic or filial relations created, as where a minor goes to live with an adult upon his promise that he will stand *in loco parentis* and will devise to such minor his property in return for filial services during his lifetime. (*Healey* v. *Simpson,* 113 Mo. 340 [20 S. W. 881].) In the instant case no personal and domestic ties were severed by the plaintiff and no peculiar personal relation created between the parties pursuant to which Hattie McIntire would be the recipient of plaintiff's society and filial affection. No such relation

was contemplated by the contract. This being true, and conceding the contract is not obnoxious to the rule that it must be fair and just, it follows that plaintiff's right to specific performance of the contract must be based upon the fact that the services called for by the same were, by reason of their peculiar and unusual character, not susceptible of pecuniary measurement, for, as said in *Stellmacher* v. *Bruder*, 89 Minn. 507 [99 Am. St. Rep. 609, 95 N. W. 324], "if the consideration for the contract be labor and services which may be estimated, and their value liquidated in money, so as to reasonably make the promise whole, specific performance will not be decreed." The contract as made was that plaintiff during the period specified should care for and render to deceased such personal services as she required of him; that he should give attention to her business affairs in an effort to successfully manage the same to her interest and profit, and during her illness render her such aid and assistance as should be within his power, to the extent that she requested the same. We are unable to perceive anything unusual or out of the ordinary in the character of the services which plaintiff agreed to perform for deceased, or why, upon proper proof, they could not be adequately compensated for in money. In character they are such as are of every-day occurrence and usually performed upon an express or implied contract for an agreed or implied pecuniary compensation. Hence, since it appears that no relation of a filial or like personal character was created or contemplated by the contract due to and incidental to which plaintiff discharged duties the nature of which made it impossible to estimate their value, but, on the contrary, the services called for thereby, if rendered, were susceptible of measurement and plaintiff compensated in money on account of the breach thereof, specific performance should not be decreed. The fact that plaintiff kept no memoranda and is unable, as he says, to testify as to the time devoted by him in rendering the services, or value thereof, is immaterial. His is the misfortune suffered by any plaintiff who performs services which may be measured in money and is unable to produce evidence of such value, but it furnishes no reason for equitable jurisdiction.

The judgment is affirmed.

Conrey, P. J., and James, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on July 24, 1922.

All the Justices concurred.

Richards, J., *pro tem.*, and Myers, J., *pro tem.*, were acting.