SULLIVAN v. CURRY et al.
No. 200.

District Court, D. Arizona.
May 9, 1930.

F. C. Struckmeyer and I. A. Jennings, both of Phœnix, Ariz., for plaintiff.

Edward W. Rice and Clifton Mathews, both of Globe, Ariz., for defendants Mulford and Gerrish.

JACOBS, District Judge.

This is a suit by W. T. Scarborough, as guardian ad litem of Mary Kathleen Sullivan, a minor, against Joseph E. Curry and Charles C. Rittich, as administrators of the estate of Charles E. Mills, deceased, Lillian E. Mulford and Minnie B. Gerrish, heirs of deceased, to enforce specific performance of an alleged oral contract of deceased to devise and bequeath to the said Mary Kathleen Sullivan one-half of all of his property upon his death.

This agreement is alleged to have been entered into on or about the 1st day of January, 1925, between Kathryn Sullivan, the mother of Mary Kathleen Sullivan, and the said deceased, Charles E. Mills. Briefly stated, the alleged contract provides that the said deceased should have the companionship and society of and exercise the authority, dominion, supervision, control, rights, and privileges of a parent over the said minor, in conjunction with her mother; that the deceased should have the sole right and privilege of supervising and directing the studies and education of the said minor; that the said minor should and would be at all times obedient to the wishes and desires of the said deceased and in all respects to act toward him as a child to a parent; that in the event the said Kathryn Sullivan, the mother, predeceased the said Charles E. Mills, he should have complete care, custody, and control of the said plaintiff, Mary Kathleen Sullivan, and the said Kathryn Sullivan would execute any instrument necessary to insure such complete custody and control upon her death; that the said deceased agreed that he would care for, maintain, support, and educate the said plaintiff and that, during the remainder of his life, he would in all respects perform and exercise the duties, rights, and privileges of a parent toward said plaintiff and treat her as though she were his natural child. That upon his death he would bequeath to her one-half of all his property.

It is alleged in the bill that this contract was partially executed, in this, that the said Kathryn Sullivan did allow the deceased to exercise the authority, dominion, and supervision over the said plaintiff that is ordinarily exercised by a parent over a child, and that he, jointly with the mother, had the society and companionship of said child, and that he was allowed to provide a home for the plaintiff and to exclusively maintain, support, supervise, and direct the studies and education of the plaintiff; that the said Kathryn Sullivan, on the 24th of July, 1926, executed and published her last will and testament, in which it was provided that in the event of her death the said deceased should have the complete care, custody, and control of the said plaintiff, and the said instrument was not revoked prior to the death of the said Charles E. Mills, which occurred on the 17th day of January, 1929. The deceased left an estate consisting of real and personal property valued at more than $1,000,000.

This suit was filed originally in the state court and removed to the federal court by the defendants Lillian E. Mulford and Minnie B. Gerrish, who are citizens of the state of California. The plaintiff moved to remand the case to the state court, upon the grounds, among others: "That the court has no jurisdiction to hear and determine the cause. That it appears upon the face of the complaint that there is no separable controversy wholly between citizens of different states but, on the contrary, it appears that there is but one cause of action; that the plaintiff is a citizen and resident of the state of Arizona; that two of the defendants, namely, Joseph E. Curry and Charles C. Rittich, are citizens and residents of the state of Arizona." The motion is resisted upon the grounds that the administrators, Curry and Rittich, who are citizens of Arizona, are not necessary parties to the action, but mere nominal parties, and their presence cannot prevent removal of the cause to the federal court.

In the case of Salem Trust Co. v. Manufacturers' Finance Co., 264 U. S. 189, 190, 44 S. Ct. 266, 267, 68 L. Ed. 628, 31 A. L. R. 867, it is held: "District Courts have original jurisdiction of controversies between citizens of different states (Constitution, art. 3, § 2; Judicial Code, § 24 [28 USCA § 41]); and when in any suit brought in a state court, there is a controversy, which is wholly between citizens of different states, and which can be fully determined as between them, a defendant interested in such controversy may remove the suit to the proper District Court of the United States. (Judicial Code, § 28 [28 USCA § 71]). District

950

Courts have jurisdiction if all of the parties on the one side are of citizenship diverse to those on the other side. Jurisdiction cannot be defeated by joining formal or unnecessary parties. The right of removal depends upon the case disclosed by the pleadings when the petition therefor is filed (Barney v. Latham, 103 U. S. 205, 215, 26 L. Ed. 514; Ex parte Nebraska, 209 U. S. 436, 444, 28 S. Ct. 581, 52 L. Ed. 876), and is not affected by the fact that one of the defendants is a citizen of the same state as the plaintiff, if that defendant is not an indispensable party to the controversy between plaintiff and defendant who are citizens of different states."

In the case of Stewart v. Smith, 6 Cal. App. 152, 91 P. 667, 669, which is similar to the case at bar, and in which an executor was joined as a party defendant, the Supreme Court of California held: "The executor is not a necessary party to the action. All the devisees, legatees, and persons claiming an interest in the estate are made parties plaintiff and defendant, and, as the executor has no interest as such in the distribution of the estate, he is properly excluded from a contest over the right to a distribution of the whole or a part of it"—citing Estate of Wright, 49 Cal. 550; Jones v. Lamont, 118 Cal. 499, 50 P. 766, 62 Am. St. Rep. 251; In re Healy's Estate, 137 Cal. 474, 70 P. 455.

In this suit, the plaintiff, W. T. Scarborough, as guardian ad litem of Mary Kathleen Sullivan, is a nominal party (Toledo Traction Co. v. Cameron [C. C. A.] 137 F. 48), as well as the defendants Joseph E. Curry and Charles C. Rittich, administrators, and the citizenship of these nominal parties is immaterial. Eliminate a consideration of the citizenship of the nominal parties for the purpose of this motion, and we have a suit between Mary Kathleen Sullivan, who is a citizen and resident of Arizona, as plaintiff, against Lillian E. Mulford and Minnie B. Gerrish, who are citizens and residents of the state of California, defendants, and the matter in controversy, exclusive of interest and costs, exceeds the sum or value of $3,000. The case was properly removed to the federal court. Motion to remand is denied.

The defendants Lillian E. Mulford and Minnie B. Gerrish have filed a motion to dismiss the bill of complaint, upon the ground that it does not state facts sufficient to constitute a valid cause of action in equity, in that it fails to show that there was any lawful or adequate consideration for the alleged agreement.

The rule seems to be well established that, to entitle the plaintiff to specific performance of a contract such as here set forth, the contract, on its face, must show that it is in all respects just, fair, and reasonable in its mutual compensations; that the facts stated in the contract must show such changed conditions on the part of the plaintiff to have been worked by reason of the promise alleged as would result in a fraud being perpetrated against the plaintiff should specific performance be denied.

From an examination of the contract alleged, it appears that the status of the plaintiff as the minor child of Kathryn Sullivan was practically unchanged. She remained in the custody and under the control of her mother, the mother sharing her authority, supervision, and control with the deceased. No family ties were severed; no rights or advantages sacrificed or surrendered; no service rendered for the deceased. For aught that appears in the bill, if specific performance of the contract is denied, plaintiff will have sacrificed no advantage that existed to her prior to the contract. Practically the only thing yielded by plaintiff, under the terms of this alleged agreement, is obedience to the wishes and desires of deceased as a parent. For this obedience, the alleged contract obligates the deceased to care for, maintain, support, and educate the plaintiff and, during the remainder of his life, in all respects, perform and exercise the duties, rights, and privileges of a parent toward plaintiff and, upon his death, to bequeath to her one-half of all his property.

In the case of Kurtz v. De Johnson et al., 42 Cal. App. 221, 183 P. 588, 590, it is said: "Preliminarily it may be said that such a contract, resting in parol and sought to be enforced at a time when the voice of the opposite contracting party may not be heard in opposition thereof, will be strictly construed, closely scrutinized and weighed with a careful balance. It must be such as, attended by all the attributes of frankness, fairness, and honesty, will appeal to the conscience of the chancellor. That such is the uniform rule, has been often announced; its substance is declared in Owens v. McNally, 113 Cal. 444, 45 P. 710, 33 L. R. A. 369."

As said in the case of McCabe v. Healy, 138 Cal. 81, 70 P. 1008, quoting from Pomeroy on Specific Performance: "Courts of equity will, under special circumstances, enforce a contract to make a will, or to make a certain testamentary disposition; and this

may be done even when the agreement was parol, where, in reliance upon the contract, the promisee has changed his condition and relations so that a refusal to complete the agreement would be a fraud upon him."

Measuring the bill by the rules thus announced, it fails to show an adequate consideration for the contract. It fails to show such changed conditions on the part of the plaintiff to have been worked by reason of the promise alleged as would result in a fraud being perpetrated against her, should the relief be denied. The bill fails to state a cause of action. Motion to dismiss is granted.

### Addendum.

Since granting the motion to dismiss, the plaintiff has filed a motion for leave to amend the bill, under local rule 24, which provides: "3. When any motion, plea or demurrer is sustained, ten days after notice of such ruling shall be allowed as of course, and without any order of court therefor, within which to amend the bill, complaint, answer or other pleading. * * *"

This rule was inadvertently made to apply to all cases, whether at law or in equity, and is somewhat in conflict with Equity Rule 28 (28 USCA § 723), which permits plaintiff to amend the bill as of course at any time before the defendant has responded thereto.

The motion to dismiss was granted unconditionally, as the court assumed that the bill presented all of the facts of the case within the knowledge of the plaintiff and, being insufficient, the order of dismissal should be final.

In view of the fact that the plaintiff, in filing her motion for leave to amend, was acting strictly within the provisions of the local rule, the court feels constrained to consider the motion and to determine the plaintiff's rights from all the facts contained in the proposed amendment.

The additional facts set forth in the proposed amendment are as follows:

First. That the deceased was a bachelor, about fifty-six years of age, with no immediate relatives at or near his place of residence and had never, prior to the agreement, established a home for himself, but had resided in hotels, rooming and apartment houses; that he agreed that a home would be established in which he could have plaintiff's companionship and society, and that plaintiff's mother allowed deceased to provide such a home, which he dominated, controlled, and treated as his own.

Second. That plaintiff had several uncles and aunts, of whom she was quite fond and visited frequently, and whose love and affection she received prior to the agreement; that after the agreement deceased refused to permit her to visit said relatives or they to visit her at said home, thereby depriving plaintiff of the love and affection which she otherwise would have received from her uncles and aunts.

The first of these allegations show no consideration moving from the plaintiff to the deceased. The second are too trivial to add any weight to the consideration moving from plaintiff to deceased as stated in the original bill. Christin et al. v. Clark et al., 36 Cal. App. 714, 173 P. 109.

Inasmuch as the facts stated in the proposed amendment fail to show an adequate consideration for the agreement, the motion for leave to amend is denied.