307 P.2d 229

Donald C. CRAWFORD, Claimant-Appellant,

v.

N. P. NIELSON, State Auditor and Ruth G. Moon, State Treasurer of the State of Idaho, ex rel. Industrial Special Indemnity Fund, Defendants-Respondents.

No. 8468.

Supreme Court of Idaho.

Feb. 8, 1957.

Wm. M. Smith, Boise, for appellant.

Graydon W. Smith, Atty. Gen., Edward J. Aschenbrener, Asst. Atty. Gen., for respondents.

PORTER, Justice.

This cause was submitted to the Industrial Accident Board for determination on a stipulation of facts. Such facts are as hereinafter set out. On and prior to March 20, 1950, claimant was employed by the State of Idaho, Department of Public Assistance, as a vocational rehabilitation counselor for the blind. He was receiving and earning a salary in the sum of $260 per month.

Prior to March 20, 1950, claimant had suffered the total and permanent loss of vision in his right eye. On such date claimant received a personal injury caused by an accident arising out of and in the course of his employment as a result of which claimant sustained the permanent and total loss of vision of his left eye.

Claimant filed notice of injury and claim for compensation with the Industrial Accident Board, and subsequently entered into a compensation agreement with his employer and its surety, which agreement was approved by the Industrial Accident Board on October 20, 1950. All the payments under such compensation agreement have been made, the last payment being made on November 20, 1952.

From March 20, 1950, up to and including October 15, 1955, claimant continued to be employed by the Department of Public Assistance in the same type and grade of work for more than $260 per month, the salary being $325 per month on October 15, 1955. Claimant, since October 15, 1955, has been and still is employed by the Department of Public Assistance of the State of Washington in the same type and grade of work for a salary in excess of $260 per month.

On October 27, 1955, the Industrial Accident Board received a letter written by claimant's wife inquiring whether or not it would be possible for claimant to receive compensation benefits from the Industrial Special Indemnity Fund. On October 28, 1955, the chairman of the Industrial Accident Board conferred with the attorney for claimant regarding such letter; and thereafter, on November 9, 1955, such chairman wrote to the wife of claimant suggesting that a formal petition for hearing be filed with the Board. On November 23, 1955, the claimant herein filed with the Industrial Accident Board a formal claim and petition against the Industrial Special Indemnity Fund.

By their answer, defendants raised two legal issues for determination as follows: (a), whether or not claimant is in fact totally and permanently disabled so as to qualify for compensation from the Industrial Special Indemnity Fund, and (b), whether or not claimant's right to recovery, if any, is barred by the provisions of Section 72-407, I.C.

The Industrial Accident Board appointed Honorable Raymond L. Givens, as referee of the Industrial Accident Board to hear and determine this cause. Thereafter, the referee duly filed his findings, rulings and decisions holding that claimant was not entitled to compensation from the Industrial Special Indemnity Fund. Such findings, rulings and decision of the referee were approved and confirmed by order of the Industrial Accident Board. Claimant has appealed to this court.

Claimant seeks recovery under the provisions of Section 72–315, I.C. The pertinent part of such section, as it read at the times involved in this action, is as follows:

"If an employee who has previously incurred a partial permanent disability through the loss of one hand at or above the wrist, or one foot at or above the ankle, receives a personal injury by accident arising out of and in the course of his employment which results in the physical loss of a foot at or above the ankle, or a hand at or above the wrist, or having lost one eye, received such injury which results in the total and permanent loss of the sight of the other eye, the employer shall only be liable for the permanent partial disability caused by the subsequent injury: provided, however, that in addition to compensation for permanent partial disability and after the cessation of payments for the periods of weeks prescribed by section 72–313, the disabled employee shall be paid by the industrial accident board, out of the funds in the industrial special indemnity fund, the remainder of the compensation that would be due the injured employee for permanent total disability if the subsequent injury itself had been the cause of his permanent total disability, such payments to be made by the industrial accident board monthly by orders drawn on the state treasurer to be charged against the industrial special indemnity fund."

The real question at issue is whether claimant has suffered permanent total disability within the contemplation of the pertinent statutes.

Section 72–311, I.C., in part, reads as follows:

"In the case of the following injuries in the absence of conclusive proof to the contrary the disability caused thereby shall be deemed total and permanent, to wit:

"1. The total and permanent loss of sight in both eyes."

Appellant appears to take the position that having lost the sight of both eyes, he is ipso facto totally and permanently disabled. We cannot concur with this contention. We agree with the contention of respondents that loss of ability to work is the criterion. Section 72–310, I.C., uses the phrase "where the injury causes total disability for work." In Kelley v. Prouty, 54 Idaho 225, at page 244, 30 P.2d 769, at page 777, in discussing Sections 72–310 and 72–311, I.C., the court said:

"It is to be noted that the term 'disability caused thereby' unmistakably has reference to the 'total disability for work,' above quoted in section 43–1110 [72–310, I.C.]. It is to be noted also that under the last-quoted section the

particular injuries named, such as the permanent and total loss of sight in both eyes, may not always be deemed total and permanent; it is such in the absence of conclusive proof to the contrary. The Compensation Law also provides for specific indemnities for certain injuries, as set forth in section 43–1113 [72–313], when disability for work by reason of the loss of the various members of the body enumerated is not to be taken in consideration. Panico v. Sperry Engineering Co., 113 Conn. 707, 156 A. 802. But the general theory and spirit of the act, except for the specific indemnities set forth in section 43–1113 [72–313], is to the effect that compensation is provided to make good the loss of the earning power or capacity to work on account of the injury."

See also, McNeil v. Panhandle Lumber Co., 34 Idaho 773, 203 P. 1068; Flynn v. Carson, 42 Idaho 141, 243 P. 818; McDonald v. Treasurer of State of Idaho, 52 Idaho 535, 16 P.2d 988; Leach v. Grangeville Highway District, 55 Idaho 307, 41 P.2d 618; Herman v. Sunset Merc. Co., 66 Idaho 47, 154 P.2d 487.

The decision of the referee was apparently based upon the wages received by claimant and contains the following:

"The stipulation herein states conclusively that claimant is now earning and has for some time earned more than prior to becoming blind, therefore, under the above holdings, the stipulation conclusively proves he is not totally disabled under the statute, though totally blind, and hence is not entitled to compensation from the Industrial Special Indemnity Fund."

The holding that the wages earned by claimant as shown by the stipulation is conclusive proof that claimant is not totally and permanently disabled is erroneous. Wages are not the ultimate test. The ultimate test is ability to work at gainful employment. In Annotation 149 A.L.R. 415–417, we find the following statement supported by many authorities:

"As a general rule, the mere fact that after the injury the employee receives, or is offered, his former wages, or a larger sum, will not, by itself, preclude recovery of compensation under the various workmen's compensation statutes. This statement, however, does not mean that the amount of wages actually received by the injured employee after he has suffered an accident is of no importance whatsoever in determining the employee's right to compensation. On the contrary, it is well established that such fact is evidence, though not conclusive evidence, of the employee's earning power."

See generally, Irvine v. Perry, Idaho, 299 P.2d 97.

The decision of the referee and of the Industrial Accident Board rely entirely upon the wages received by claimant as conclusive proof that he is not totally and permanently disabled. In this, they are in error. Wages may depend upon many factors quite apart from the ability to work. 149 A.L.R. 438, Sec. III.

The statute places the burden upon defendants of proving conclusively that claimant is not totally and permanently disabled. A claimant who has suffered the loss of the sight of both eyes would ordinarily be considered totally and permanently disabled as a matter of course. However, he might possess certain skills whereby total blindness would not affect his earning capacity in the realm of self-employment, and it is conceivable that he might possess and be exercising skills in his employment which would not be affected by his loss of sight. However, where the claimant is compelled to go into the open labor market generally and seek employment, it cannot be said that he can successfully compete therein. In the instant case, the employment of claimant since his accident has been in a very limited field of more or less created employment under social welfare with no assurance of continuity in such field of employment.

The proof in this case does not constitute the conclusive proof that claimant is not totally and permanently disabled required by Section 72–311, I.C.

In Lee v. Minneapolis St. Ry. Co., 230 Minn. 315, 41 N.W.2d 433, at page 436, total disability is defined as follows:

"An employe who is so injured that he can perform no services other than those which are so limited in quality, dependability, or quantity that a reasonably stable market for them does not exist, may well be classified as totally disabled."

In Carlson v. Small Leasing Co., 71 Idaho 35, at page 41, 225 P.2d 469, at page 472, we stated as follows:

"In Endicott v. Potlatch Forests, 69 Idaho 450, on page 455, 208 P.2d 803, 806, this court quoted the following from Goble v. New World Life Ins. Co., 57 Idaho 516, 67 P.2d 280, as the appropriate rule in determining total disablement in workmen's compensation cases: 'The courts, generally, hold that in order to secure the benefits provided for in policies of insurance by reason of the degree of disability means by the use of such language as is here employed, it is not necessary for the insured to be absolutely helpless, or entirely unable to do anything worthy of compensation, or from which gain might be derived. If he is so disabled that substantially all

the avenues of gainful employment are reasonably closed to him his condition is within the meaning of the covenant.' "

We conclude that the Industrial Special Indemnity Fund has not met its burden of proof and conclusively shown that claiment is not totally and permanently disabled, and that the disability of claimant must be deemed under the statute to be total and permanent.

Respondents contend that the claim is barred by the provisions of Section 72-407, I.C. The provision in such section upon which respondents rely, reads as follows:

"Where, on account of personal injury, payments of compensation have been made and thereafter discontinued, such claimant shall have four years from the date of the accident within which to make and file with the industrial accident board an application demanding a hearing for further compensation and an award."

This court has recently held contrary to the contention of respondents in the case of Anderson v. Potlatch Forests, 77 Idaho 263, at page 268, 291 P.2d 859, at page 862, wherein this court said:

"The reason the statute of limitations relative to giving notice and making claims within a certain time after the injury does not apply is that *payments from the second injury fund are made only after completion of payments by the employer,* which payments may extend beyond the period of the aforesaid statute of limitations. Further, the fund is administered by the board, and notice to the board would be notice to the fund." (Emphasis supplied.)

The order and judgment of the Industrial Accident Board is reversed and the cause remanded with direction to enter an award in favor of claimant for the amount of compensation to which he is entitled under the statutes. Costs awarded to appellant.

KEETON, C. J., TAYLOR, J. and DUNLAP, District Judge, concur.

The late Justice ANDERSON sat at the hearing but died before final decision of the cause.

SMITH, J., not participating.